James R. Alexander and Wauneta Alexander v. Commissioner.
Alexander v. Commissioner
Docket No. 60959.
United States Tax Court
T.C. Memo 1956-154; 1956 Tax Ct. Memo LEXIS 136; 15 T.C.M. (CCH) 761; T.C.M. (RIA) 56154; June 29, 1956
*136 Petitioners did not file a declaration of estimated tax for the taxable year 1951, for which year respondent determined a deficiency in income tax, and additions to income tax under sections 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939. Petitioners assigned as error only the determination of the addition under section 294(d)(2). Held, no error was committed by respondent. R. C. Whitley, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: *137 Respondent determined a deficiency in income tax of $1,062.12 for the calendar year 1951, together with additions to income tax under section 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939 of $190.80 and $114.48, respectively. The only issue is whether the respondent erred in determining the addition under section 294(d)(2). Petitioners are individuals (husband and wife) residing in Stockton, California. They filed a joint income tax return for the taxable year 1951 with the then collector of internal revenue for the first district of California. All the facts alleged by petitioners were admitted by respondent in his answer. Those material to the consideration of the issue before us are that petitioners did not file any declaration of estimated tax as is required by section 58 of the Internal Revenue Code of 1939; that respondent determined petitioners' correct income tax liability to be $1,907.98; and that petitioners are not entitled to any credits under either section 32 or 35 of the 1939 Code. Motions for decision have been filed by both parties. The material part of section 294(d)(2) of the Internal Revenue Code of 1939, as amended, is in the margin. *138 [1] Petitioners concede that they are liable for the deficiency in income tax of $1,062.12 and for the addition to income tax of $190.80 determined under section 294(d)(1)(A) for failure to file the declaration of estimated tax, but contend that they are not liable for the addition to income tax of $114.48 determined under section 294(d)(2) for the reason that there can be no "underestimate of estimated tax" if no declaration of estimated tax was filed, citing United States v. Ridley, 120 Fed. Supp. 530, 538, and Owen v. United States, 134 Fed. Supp. 31. This identical question was considered by us and decided in favor of the respondent *139 in G. E. Fuller, 20 T.C. 308, 316. In that case we upheld the validity of the respondent's Supplement to Regulations 111, section 29.294-1(b)(3)(A) which provides "In the event of a failure to file the required declaration, the amount of the estimated tax for the purposes of this provision [section 294(d)(2)] is zero." We also noted that the regulation was substantially the same language used in the conference report dated May 28, 1943, of H. Rept. No. 510, 78th Cong., 1st Sess., p. 56 (1943 C.B. 1351, 1372) wherein it was said "In the event of a failure to file any declaration where one is due, the amount of the estimated tax for the purposes of this provision will be zero." We, therefore, sustain the respondent's determination. G. E. Fuller, supra; Harry Hartley, 23 T.C. 353, 360. Decision will be entered for the respondent. Footnotes
1. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. (d) Estimated Tax. - * * *
(2) Substantial Underestimate of Estimated Tax. - If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals * * * exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser.↩